IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMAC CORPORATION, ET AL., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO.  03-5936 |
| THE HONORABLE TOMMY : | |
| THOMPSON, SECRETARY OF THE : | |
| U.S. DEPARTMENT OF HEALTH AND : | |
| HUMAN SERVICES, : | |
| : | |
| Defendant. : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                                               **August ___, 2007**

Presently before this Court is the Motion to Dismiss or, Alternatively, for Summary Judgment of Defendant Secretary of the Department of Health and Human Services (Doc. 3). For the reasons set forth below, upon consideration of Defendant's Motion, Plaintiffs' Response (Doc. 9), Defendant's Reply (Doc. 11) and Plaintiffs' Sur-Reply (Doc. 12), this Court will grant Defendant's Motion to Dismiss.[1]

---

[1] A challenge of subject matter jurisdiction under Rule 12(b)(1), as here, is inappropriate for summary judgment because summary judgment is a decision on the merits of a case.  See e.g., Martorano v. Hertz Corp., 415 F. Supp. 295, 296 n.1 (D.C. Pa. 1976) (citing 10 Wright & Miller, Federal Practice and Procedure: Civil § 2713 at 404-405).  If a case is dismissed for lack of jurisdiction, however, the court never reaches the merits of the underlying case.  Further, a challenge to subject matter jurisdiction under Rule 12(b)(1)  may be "facial" or "factual." Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).  Here, Defendant's challenge to this Court's subject matter jurisdiction is based on a question of fact regarding whether Plaintiffs filed their Complaint within 60 days of receipt of the final decision by the U.S. Department of Health and Human Services, as specified under 42 U.S.C. § 13950(f)(1).  The Third Circuit has held that when a challenge to a district court's jurisdiction is a factual one under Fed.R.Civ.P. 12(b)(1), the court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction."  Cestonaro v. United States, 211 F.3d 749,752 (3d Cir. 2000) (citation omitted).  Accordingly, this Court has reviewed documents outside of the pleadings to determine whether it has subject matter jurisdiction over this matter.  Defendant's motion, however, remains a motion to dismiss.

## BACKGROUND

From the evidence of record, the pertinent facts are as follows.  Plaintiffs are five Medicare-certified skilled nursing facilities and their corporate parent, Wilmac Corporation.  On March 20, 2001, Plaintiffs, through a private company contracted by the U.S. Department of Health and Human Services ("HHS"), sought Medicare reimbursements for payments made by Plaintiffs for rehabilitative therapy and related therapy management services provided by a third party.  The HHS contractor, however, concluded that Plaintiffs were not entitled to reimbursements for any portion of Plaintiffs' payments.

As provided under the HHS regulations, Plaintiffs requested a hearing before the Provider Reimbursement Review Board (the "PRRB" or "Board").[2]  On August 21, 2003, the PRRB affirmed the HHS contractor's decision.  A postal receipt signed by an employee in Plaintiffs' counsel's mailroom shows that Plaintiffs' counsel received a copy of this decision on August 25, 2003.  Plaintiffs' counsel, however, mistakenly believed he first received notice of the PRRB's decision on August 26, 2003.

On September 9, 2003, Plaintiffs filed a Request for Review of the PRRB's decision to the Administrator of the Centers for Medicare and Medicaid Services ("CMS").  In a letter dated October 21, 2003, the CMS Administrator declined review of the PRRB's decision in this matter.  Plaintiffs received a copy of this letter on October 24, 2003.

On October 27, 2003, Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1395oo(f)(1), challenging the final HHS decision in this matter.

---

[2] In their request for a hearing with the PRRB, Plaintiffs identified their attorney, Stuart M. Langbein, as their representative to whom all mailings would be directed.

**DISCUSSION**

Plaintiffs bring this action, seeking review of a Medicare reimbursement final decision of the PRRB. Plaintiffs seek review by this Court pursuant to 42 U.S.C. § 1395oo(f)(1). Defendant HHS, however, seeks to dismiss this matter under Rule 12(b)(1) because it argues that this Court lacks subject matter jurisdiction.

Here, unlike under a Rule 12(b)(6) motion, no presumptive truthfulness attaches to Plaintiffs' allegations in the Complaint, and the existence of disputed material facts will not preclude this Court from evaluating for itself the merits of jurisdictional claims. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, Plaintiffs have the burden of proof that jurisdiction does in fact exist. Id. If this Court finds that it is without subject matter jurisdiction, it will dispose of this case.

**A.     Jurisdiction Under 42 U.S.C. § 1395oo(f)(1)**

1.     Background

Under section 1395oo(f)(1) of the Medicare Act, "[a] decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision." 42 U.S.C. § 1395oo(f)(1). Here, the PRRB's decision was final because the Secretary, through the CMS Administrator, declined review. Under the Act, however, providers such as Plaintiffs, may seek judicial review of a final PRRB decision.

Indeed, Section 1395oo(f)(1) states, in pertinent part:

Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board

or of any reversal, affirmance, or modification by the Secretary is <u>received</u>.

42 U.S.C. § 1395oo(f)(1) (emphasis added).  Here, Plaintiffs, received notice of the PRRB's final decision on August 25, 2003.  Plaintiffs, however, filed the instant action, seeking review of the final PRRB's decision, on October 27, 2003.  The time lapse, therefore, between notice of the final decision and commencement of this action exceeds the 60 day period required under Section 1395oo(f)(1).

In its Motion, Defendant argues that this Court lacks subject matter jurisdiction over this case because Plaintiffs filed their Complaint 63 days following notice of the PRRB's final decision.  Defendant also argues that the 60-day filing deadline in Section 1395oo(f)(1) is a jurisdictional requirement, not subject to equitable defenses.  Plaintiffs, instead, argue that § 1395oo(f)(1) is a statute of limitations that is subject to equitable tolling.

This Court agrees with Defendant HHS that Section 1395oo(f)(1)'s 60-day requirement is a jurisdictional bar that cannot be equitably tolled.

2. <u>Section 1395oo(f)(1)'s 60-day filing deadline is a jurisdictional requirement.</u>

When a time limitation to file a complaint is considered jurisdictional, it cannot be modified by any court.  <u>Becton Dickinson and Co. v. Wolckenhauer</u>, 215 F.3d 340, 344 (3d Cir. 2000).  Consequently, non-compliance with the time limitation is an absolute bar to suit, regardless of the equities involved.  <u>See, e.g.</u>, <u>Pomper v. Thompson</u>, 836 F.2d 131 (3d Cir. 1987) (dismissing suit for lack of jurisdiction even though plaintiff's late filing was due to the state agency's administrative mistake).

To ascertain whether a time limitation is jurisdictional, courts look to the plain language of the statute to ascertain congressional intent.  <u>See</u> <u>Becton Dickinson and Co.</u>, 215 F. 3d at 345;

4

Shendock v. Director of the Office of Workers' Compensation Programs, 893 F.2d 1458, 1459 (3d Cir. 1990).[3]

Here, the plain language of § 1395oo(f)(1) makes clear that the 60-day filing period is jurisdictional. Not only is this section of the reimbursement law titled "jurisdiction," the emphatic language of § 1395oo(f)(1) also points to it being a jurisdictional bar. Moreover, nothing in § 1395oo(f)(1) implies congressional intent to allow tolling of the 60-day requirement.

Because § 1395oo(f)(1)'s 60-day deadline is a jurisdictional requirement and because Plaintiffs filed their Complaint 63 days following receipt of notice of the PRRB final decision, this Court lacks jurisdiction over this matter. Accordingly, Plaintiffs' Complaint must be dismissed.

B.   **Equitable Defenses to Toll Statute of Limitations**

In the alternative, even if this Court were to find that it has subject matter jurisdiction over this matter because the 60-day period in 42 U.S.C. § 1395oo(f)(1) is a statute of limitation requirement rather than a jurisdictional requirement, this Court nevertheless finds that summary judgment is appropriate in this matter.[4]

---

[3] The "rebuttable presumption" discussed in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), is inapplicable here because, unlike the statute addressed in Irwin, the Medicare reimbursement provision addressed here does not create a cause of action against private defendants.

[4] If this Court were to decide that it had subject matter jurisdiction and considered Plaintiffs' equitable defenses, Defendant's instant motion would be under Rule 12(b)(6).
   However, the Federal Rules of Civil Procedure provide that if, on a motion to dismiss under Rule 12(b)(6), matters outside of the pleadings are reviewed by the court, the motion shall be treated as one for summary judgment and disposed of as provided under Rule 56. Further, the rules state that all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 if the court converts a motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 12(b).
   Because the Court here, in the alternative, has considered evidence outside of the pleadings, the motion before the Court is more properly considered a motion for summary judgment than a motion to dismiss. Further, because Defendant's motion also is framed in the alternative as a motion for summary judgment, the parties had adequate notice of this conversion. Hilfirty v. Shipman, 91 F. 3d 573 (3d Cir. 1996).

As discussed further above, Plaintiffs filed their Complaint 63 days after their receipt of the PRRB's final decision.  Even if the 60-day filing period prescribed in Section 1395oo(f)(1) is a statute of limitation susceptible to equitable tolling, this Court finds that the circumstances here are insufficient to merit equitable tolling.

"Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  Seitzinger v. Reading Hosp. and Medical Center 165 F.3d 236, 240 (3d Cir. 1999).  Indeed, the Third Circuit has enumerated three circumstances that warrant equitable tolling:  (1) if the defendant has actively misled the plaintiffs, (2) if the plaintiffs have in some extraordinary way been prevented from asserting their rights, or (3) if the plaintiffs have timely asserted their rights mistakenly in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).   However, "attorney error, miscalculation, inadequate research, or other mistakes" do not rise to the extraordinary circumstances required for equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Here, Plaintiffs' appointed representative essentially miscalculated the time permitted for filing the instant action.  While he believed he received the final HHS decision on August 26, 2003, the evidence presented in fact shows that it was received by his office on August 25, 2003.  Plaintiffs' Complaint, therefore, was filed 63 days after receipt of the final HHS decision.  Plaintiffs' argument that HHS was aware of Plaintiffs' mistake, yet said nothing, is unavailing.  HHS was under no duty to inform Plaintiffs of the date Plaintiffs received notice of HHS' final decision in this matter.  Similarly, this Court rejects Plaintiffs' argument that HHS' actions were "dilatory."  The Court further disagrees with Plaintiffs' contention that HHS violated 42 C.F.R.

§ 405.1875(d), which requires the Administrator to promptly notify the parties and CMS whether he has decided to review a PRRB decision.

Plaintiffs have failed to present sufficiently inequitable circumstances to warrant equitable tolling. They have not shown that HHS actively misled them or that they were in some extraordinary way prevented from asserting their rights. Rather, Plaintiffs present a case of run-of-the-mill attorney error and miscalculation. Accordingly, Plaintiffs have failed to establish that they are entitled to equitable tolling of the filing limitation under Section 1395oo(f)(1).

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is granted. Judgment is entered in favor of Defendant Secretary of the Department of Health and Human Services and against Plaintiffs on all counts of the Complaint.

An appropriate order follows.